IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-99-K-BK |
| | § | |
| ATMOS ENERGY CORPORATION, | § | |
|     DEFENDANT. | § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned for pretrial management. The Court now considers *Plaintiff's Motion to Remand Back to Small Claims Court*. Doc. 6. As detailed here, Plaintiff's motion should be **GRANTED**.

## I. PROCEDURAL HISTORY

In December 2023, Plaintiff filed this *pro se* action in Kaufman County Justice Court, alleging Defendant made unauthorized automated calls to his phone number ending in 7677. Doc. 1-1 at 3. Plaintiff raised claims under sections 301.001 and 305.053 of the Texas Business and Commercial Code. Doc. 1-1 at 3, 5. Defendant timely removed the action to this Court based on federal question jurisdiction under the Telephone Consumer Protection Act ("TCPA"). Doc. 1 at 1-2. Plaintiff now seeks to remand this action to state court. Doc. 6.

## II. APPLICABLE LAW

A defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). As relevant here, a

federal district court has original jurisdiction of an action that arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The removing party bears the burden of establishing the facts necessary to establish federal jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Indeed, removal statutes are strictly construed against removal and in favor of remand. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

The question whether a claim "arises under" federal law for purposes of removal jurisdiction must be determined by reference to the well-pleaded complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). In other words, to establish federal question jurisdiction, a cause of action created by federal law must be apparent from the face of the complaint. *Id.* Nevertheless, a plaintiff is "the master of his complaint," and if he wishes to resolve his claims in state court, he may plead facts, damages, and causes of action accordingly. *See Durbois v. Deutsche Bank Natl. Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1060-61 (5th Cir. 2022) (holding that the plaintiff's demand for less than the required amount in controversy for diversity jurisdiction sufficed to defeat federal jurisdiction). After all, "[t]here's nothing wrong with a plaintiff's desire to litigate his claims in state court," and "when it comes to questions of state law specifically, the state courts are superior." *Id.* at 1060 (citation omitted).

### III. ANALYSIS

Plaintiff asserts that this Court lacks subject matter jurisdiction over this action because he intended to raise only claims grounded in Texas law and chose not to bring claims under the

2

TCPA due to difficulties attendant in litigating federal claims. Doc. 6 at 2 ("Plaintiff has brought several TCPA suits in this court in the past and now he received [sic] less unwanted calls. But doing so became like a full time job . . . In small claims I could write one or two sentences and have a valid claim."). Defendant suggests that because Plaintiff's state law claims incorporated the TCPA by explicit reference to section 227(b), he has alleged violations of federal law in addition to section 305.053. Doc. 7 at 4-5. The Court does not read Plaintiff's complaint so broadly.

    Section 305.053 provides that:

> [A] person who receives *a communication that violates 47 U.S.C. Section 227*… may bring an action in this state against the person who originates the communication for: (1) an injunction; (2) damages in the amount provided by this section; or (3) both an injunction and damages.

TEX. BUS. COMM. CODE § 305.053(a) (emphasis added).

    The introduction to the state court petition states that Plaintiff "complains against [Defendant] for violations of the TBCC Section 301 and 305.053." Doc. 1-1 at 3. The pertinent count then states:

**TBCC 305.053 Violations**

> Defendant violated the TCPA Section 227(b). When a person violates the TCPA Section 227 it is also a violation under TBCC 305.053(6). Each TBCC 305.053 is a $500 violation for each TCPA 227 violation. Defendant violated the TCPA against the Plaintiff eight times. Defendant is liable to the Plaintiff for $500 for one TBCC 305.053 violations *[sic]*.

Doc. 1-1 at 5 (footnotes quoting applicable statutory text omitted). Given that section 305.053 directly incorporates the TCPA by reference, it is unsurprising that Plaintiff himself did so. The Court does not read this as Plaintiff intentionally pleading his way into federal court especially given his repeated contention that he did not intend to plead a TCPA claim directly. To the

3

extent Defendant implies Plaintiff's section 305.053 claim necessarily includes a TCPA claim, this contention is meritless.

While the TCPA's provisions are coextensive with section 305.053, it is clear the statutory causes of action can be raised separately. For example, in *Pinn v. CycleBar Fran., LLC*, the court dismissed with prejudice a section 305.053 claim which had been removed from state court based on diversity jurisdiction with no underlying TCPA claim. *Pinn v. CycleBar Fran., LLC*, No. 3:23-CV-01540-M, 2023 WL 8374749, at *3 (N.D. Tex. Dec. 4, 2023). True, TCPA and section 305.053 claims are often brought together, but other courts in this circuit have acknowledged the two as separate causes of action. *See Guadian v. Progressive Debt Relief, LLC*, No. EP-23-CV-00235-FM, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023) (noting that while there is no indication that double recovery may be had for the same violation of the TCPA and section 305.053, a plaintiff may assert claims under both), *adopted by* 2023 WL 8242475 (W.D. Tex. Nov. 28, 2023); *Starling v. J Wales Home Sols. LLC*, No. 4:21-CV-01261-O, 2022 WL 1156021, at *4 (N.D. Tex. Apr. 19, 2022) (O'Connor, J.) (noting that section 305.053 claims are "derivative of" section 227 claims); *Callier v. MultiPlan, Inc.*, No. EP-20-CV-00318-FM, 2021 WL 8053527, at *18 (W.D. Tex. Aug. 26, 2021) ("Courts have interpreted § 305.053 . . . to provide a state analog to federal TCPA actions."); *Shields v. Gawk Inc.*, No. 3:18-CV-00150, 2019 WL 1787781, at *5 (S.D. Tex. Apr. 24, 2019) (noting that section 305.053 permits "a person who receives a communication that violates the TCPA to bring a claim *under Texas law* against the person who originated the communication.") (emphasis added), *adopted by* 2019 WL 2103423 (S.D. Tex. May 14, 2019); *Morris v. Hornet Corp.*, No. 4:17-CV-00350, 2018 WL 4781273, at *6 (E.D. Tex. Sept. 14, 2018) ("Texas has created a cause of action which is

coextensive to the TCPA."), *adopted by* 2018 WL 4773547 (E.D. Tex. Oct. 3, 2018); *Chambers v. Green Tree Servicing LLC*, No. 3:15-CV-1879-M-BN, 2017 WL 2693565 at *1, (N.D. Tex. June 20, 2017) (Lynn, C.J.) ("Texas Business and Commerce Code § 305.053 provides a cause of action for violations of the TCPA, 47 U.S.C. § 227.") *aff'd*, 715 F. App'x 439 (5th Cir. 2018).

As this persuasive authority makes clear, Plaintiff was entitled to bring a cause of action in state court solely under section 305.053. Because his complaint raises claims solely created by provisions of Texas law, this Court lacks federal question jurisdiction and this case should be remanded to Justice Court Precinct 4, Kaufman County, Texas for further proceedings. 28 U.S.C. § 1447(c).

## IV. CONCLUSION

For the reasons set forth above, *Plaintiff's Motion to Remand Back to Small Claims Court*, Doc. 6, should be **GRANTED**.

**SO RECOMMENDED** on April 15, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).